1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUDY A. WILLIAMS,⠀⠀⠀⠀⠀⠀)⠀⠀⠀3:16-cv-00597-HDM-WGC
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀ORDER
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
PINNACLE SERVICES, INC. dba⠀)
SUMMIT COLLECTIONS SERVICES,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

⠀⠀⠀⠀Before the court is the plaintiff's motion for attorney's fees (ECF No. 9).  Defendant has opposed (ECF No. 15), and plaintiff has replied (ECF No. 17).

⠀⠀⠀⠀Plaintiff filed her complaint in this action on October 17, 2016, alleging three causes of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff's complaint sought actual and statutory damages as to each claim for relief.

⠀⠀⠀⠀On October 26, 2016, defendant served plaintiff with an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Defendant offered to allow judgment to be entered against it in the amount of $2,500.00.  On November 7, 2016, plaintiff accepted the

1

offer of judgment, and on November 18, 2016, she filed notice of acceptance of the offer of judgment with the court.[1]  The clerk of court thereafter entered judgment against defendant pursuant to the terms of the offer.

On December 1, 2016, the plaintiff filed a motion for attorney's fees and costs, which seeks an award of fees in the amount of $5,337.00 and an award of costs in the amount of $437.00.

Plaintiff filed her motion pursuant to Federal Rule of Civil Procedure 54.  Federal Rule of Civil Procedure 54(d)(1) allows an award of costs to the prevailing party.  Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorney's fees but does not provide the substantive basis for such an award.  Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award.  *See MRO Commc'ns, Inc. v. Am. Tel & T. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

Here, plaintiff seeks an award of costs and fees pursuant to 15 U.S.C. § 1692k(a)(3).  Section 1692k(a)(3) provides that "in the case of any successful action to enforce . . . liability" under the FDCPA, the defendant is liable to the plaintiff for "the costs of the action, together with a reasonable attorney's fee as determined by the court."  Attorney's fees are thus mandatory in a successful FDCPA case.  *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973, 978 (9th Cir. 2008).

---

[1] Defendant takes issue with plaintiff's choice to wait eleven days from accepting the offer to filing it with the court, arguing that she did so to gain more time to file her motion for attorney's fees.  However, Rule 68 provides that either party may file the notice with the court.  Nothing therefore precluded defendant from filing the notice itself to start the clock.

1   Defendant argues that plaintiff is not entitled to an award of
2   attorney's fees and costs because defendant intended for its offer
3   to include both.  Although the offer does not mention fees and
4   costs, defendant argues that it was inclusive of both because it
5   offered plaintiff $2,500.00 when the most she could have recovered
6   under the statute was $1,000.00.

7   The law is clearly established that where a Rule 68 offer is
8   silent on costs, the court may award an additional amount to cover
9   the prevailing party's costs.  *Marek v. Chesny*, 473 U.S. 1, 6
10  (1985).  Accordingly, the argument that the offer implicitly
11  included costs is unpersuasive.

12  With respect to fees, defendant relies on a Sixth Circuit
13  decision, *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561 (6th
14  Cir. 2004), which found that an offer that did not mention
15  attorney's fees was nevertheless inclusive of them.  However, in
16  *McCain*, the complaint sought attorney's fees with respect to every
17  claim, and the offer was made to settle "all claims and causes of
18  action."  The Sixth Circuit thus concluded that the offer
19  unambiguously included attorney's fees, which were part of the
20  claims and causes of action pled in the complaint.  Here, the
21  plaintiff did not seek attorney's fees in the complaint, nor did
22  the offer state that it covered all claims.  *McCain* is thus
23  distinguishable from this case.  However, in *Nusom v. Comh*
24  *Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997), the Ninth
25  Circuit held that a Rule 68 offer that was silent as to attorney's
26  fees did not preclude the plaintiff from seeking attorney's fees
27  pursuant to the relevant statute.  The court made clear that "any
28  waiver or limitation" of attorney's fees in a Rule 68 offer "must

3

be clear and unambiguous" and that any ambiguities in the offer "are construed against the offeror." *Id.*; *see also Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998). It concluded that the offer, which was silent as to attorney's fees, did not clearly waive or limit attorney's fees. *Nusom*, 122 F.3d at 833-34.

Here, the offer was silent as to attorney's fees and thus did not unambiguously waive or limit fees. Additionally, while plaintiff did assert claims for statutory damages, which are capped at $1,000.00, she also asserted claims for actual damages. The defendant has not established that plaintiff could not have recovered actual damages. The court concludes the offer did not include attorney's fees and plaintiff is therefore entitled to an award of fees pursuant to 15 U.S.C. § 1692k(a)(3).

In making an award of attorney's fees, the court begins by calculating the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is reached by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* In determining the hours to be included in the lodestar, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

In most cases, the lodestar is presumptively a reasonable fee award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). However, if the circumstances warrant, the court may "adjust the lodestar to account for other factors that are not subsumed within it." *Id.* Those factors are:

(1) the time and labor required; (2) the novelty and

4

1
2
3
4
5
6

> difficulty of the questions involved; (3) the skill
> requisite to perform the legal service properly; (4) the
> preclusion of other employment by the attorney due to
> acceptance of the case; (5) the customary fee; (6)
> whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained; (9)
> the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11)
> the nature and length of the professional relationship
> with the client; and (12) awards in similar cases.

7
8
9
10
11
12

*Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002)

(citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th

Cir. 1975)).  The court need not consider all factors – "only those

called into question by the case at hand and necessary to support

the reasonableness of the fee award."  *Id.*

13
14
15
16
17
18

Plaintiff's counsel seeks an hourly rate of $350 per hour.[2]

Defendant argues that $350 is not a reasonable hourly rate because

the complaint is riddled with inaccurate citations and

misrepresentations of the law and the facts.  The court concludes

that $350 an hour is a reasonable and customary hourly rate for the

type of work performed in this case by counsel.

19
20
21
22

Counsel seeks compensation for 14 hours of work.[3]  This

includes 5.5 hours spent researching and drafting the motion for

attorney's fees and reply, which is compensable as part of the

award.  *See Camacho*, 523 F.3d at 981.  Defendant argues that some

23
24
25
26
27

---

[2] Plaintiff's motion indicates that counsel is seeking a "blended rate"
of $330 for nine hours of work completed before the filing of the motion for
attorney's fees.  This is based on a charge of $2,975 for nine hours of work
performed.  However, an examination of the billing invoice shows that there
was actually no charge for half an hour of the nine hours sought, meaning
that the hours actually charged to the plaintiff were 8.5.  At a rate of
$350 an hour, the total charge sought for 8.5 hours of work is $2,975.
Under either analysis, the result is the same.

28

[3] *See supra* n.2.

of counsel's hours were not reasonable.

First, defendant argues that plaintiff's counsel at one time worked for defendant's manager and owner, Brian Chew, and that the letters sent by defendant to plaintiff which are the subject of the complaint were drafted and used by counsel during that time. Defendant therefore argues that counsel's spending 3.75 hours that included reviewing collections letters that he drafted was unreasonable.  In addition, defendant argues, this time included basic FDCPA research that anyone experienced in FDCPA practice should already know.

The court finds that 3.75 hours, which included review of the letters along with a substantial amount of other work related to the case, was reasonable.  The fact that counsel may have drafted the relevant letters did not mean he should not review them and apply them to this case.

Second, defendant argues that counsel improperly charged for work that related to plaintiff's bankruptcy.  Counsel submitted charges for one hour spent preparing documents that would allow plaintiff to file the instant action despite her pending bankruptcy, and some additional time (included in a 1.5 hour block) explaining to plaintiff the repercussions of accepting the defendant's offer of judgment on her bankruptcy.  The court concludes this time was reasonable and necessarily incurred in connection with this case.

Finally, defendant argues that counsel spent time reviewing emotional distress issues but that plaintiff did not assert a claim for emotional distress in her complaint.  However, plaintiff's complaint sought actual damages, which can include damages for

6

emotional distress.  *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).  The court concludes that it was reasonable for counsel to spend time discussing potential emotional distress damages with plaintiff before she accepted the offer of judgment.

The court finds that all hours and the hourly rate submitted by counsel for compensation are reasonable.  Therefore, the lodestar in this case is $4,900.00, representing 14 hours of work at $350.00 per hour.

The court finds that other arguments by the defendant are without merit.

In accordance with the foregoing and pursuant to 15 U.S.C. § 1692k(a)(3), the plaintiff's motion for attorney's fees and costs (ECF No. 9) is hereby **GRANTED**.  Plaintiff is awarded attorney's fees in the amount of $4,900.00.  As to costs, plaintiff is directed to file a bill of costs pursuant to Local Rule of Civil Practice 54-1 on or before February 10, 2017.

IT IS SO ORDERED.

DATED: This 3rd day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE